**FILED**

**MARCH 3, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1259**

| | | |
|---|---|---|
| LUCIA SANTORSOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **JUDGE CASTILLO** |
| v. | ) | **MAGISTRATE JUDGE MASON** |
| | ) | |
| THE HOUSING AUTHORITY | ) | Case No. |
| OF THE COUNTY OF COOK, and | ) | |
| LEWIS JORDAN, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, LUCIA SANTORSOLA, by and through her attorneys, Barry A. Gomberg and Brian S. Schwartz, of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendants, THE HOUSING AUTHORITY OF THE COUNTY OF COOK and LEWIS JORDAN, individually and in his official capacity, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Luca Santorsola ("Santorsola"), at all relevant times hereto resided in Itasca, Illinois, located in Cook County in the Northern District of Illinois.

2.      Ms. Santorsola commenced employment with the Housing Authority of the County of Cook ("HACC") in June 1988.

3.      Venue is proper in this Court because all parties are residents and/or conduct business in this judicial district.

4.    This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

5.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1343(4).

## COUNT I – TITLE VII – RACE DISCRIMINATION

1. Plaintiff, Lucia Santorsola, brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4).

2. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on Race (Caucasian) with the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

3. Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the U.S. Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

4. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

5. Defendant Housing Authority of the County of Cook, at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer who waived sovereign immunity pursuant to 42 U.S.C. § 2000e-16(a).

6.    Plaintiff was employed by HACC from June 13, 1988 until she was constructively discharged from her position as Project Manager on February 2, 2007.

7.    In direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the race discrimination acts described in the attached Charge of Discrimination, attached hereto as Exhibit A, incorporated herein, and made a part hereof by reference.

8.    As a result of HACC's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiff Lucia Santorsola prays for Judgment against Defendant, Housing Authority of the County of Cook, as follows:

A.    For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.    For attorney's fees and costs of this suit, including expert witness fees;

C.    Front Pay;

D.    For pre-judgment interest in an amount to be determined at the time of trial; and

E.    For such other relief as is just and equitable.

## COUNT II - 42 U.S.C. §1981
## RACE DISCRIMINATION

1. – 8.        Plaintiff restates and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of Count II as if fully incorporated herein.

9.        As a result of Defendants' aforementioned discriminatory conduct, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory and other damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff Lucia Santorsola prays for Judgment against Defendants as follows:

A.        For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.        Front pay;

C.        For attorney's fees and costs of this suit, including expert witness fees;

D.        For pre-judgment interest in an amount to be determined at the time of trial; and

E.        For such other relief as is just and equitable.

## COUNT III - 42 U.S.C. §1983
## RACE DISCRIMINATION AGAINST ALL DEFENDANTS

1. – 8.        Plaintiff restates and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of Count IV as if fully incorporated herein.

9.        Lewis Jordan ("Jordan") was Executive Director for HACC at all relevant times.

10.        By virtue of the foregoing, Defendant Jordan, acting under color of state law has violated Plaintiff's right to equal protection of the law as guaranteed her by the Fourteenth Amendment to the Constitution of the United States, thereby violating 42 U.S.C. § 1983.

11.        Defendants' actions reflect a policy, custom, or pattern of official and/or individual conduct of engaging in and condoning race discrimination against non African-Americans.

12.        As a result of this violation, Plaintiff has suffered severe emotional distress, humiliation, degradation, and loss of income.

13.        Defendants' actions were wanton and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Lucia Santorsola prays for Judgment against Defendants as follows:

A.    An award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in an amount to be determined at trial;

B.    An award of punitive damages against Lewis Jordan, individually, in an amount to be determined at trial:

C.    An award of reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

D.    For such other and further relief this Court deems just and equitable.

Respectfully submitted,

LUCIA SANTORSOLA

By: _____
    One of Her Attorneys

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Boulevard, Suite 1350
Chicago, Illinois 60604
(312) 922-0550

# Exhibit A

U.S. GPO 1985 0 482 051    *O. J0613 . 10*

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy ct Statement on reverse before completing this form | ENTER CHARGE NUMBER<br>☒IDHR<br>☒ EEOC *2007CF3502* |
|---|---|

### ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms., or Mrs.)*<br>Ms. Lucia Santorsola | HOME TELEPHONE NO. *(Include Area Code)*<br>(630) 250-8975 |
|---|---|

| STREET ADDRESS<br>789 Willow Court | CITY, STATE AND ZIP CODE<br>Itasca, IL  60143 | COUNTY<br>DuPage County |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>The Housing Authority of the County of Cook (HACC) | NO. OF EMPLOYEES/MEMBERS<br>15+ | TELEPHONE NUMBER *(Include Area Code)*<br>(312) 542-4660 |
|---|---|---|

| STREET ADDRESS<br>175 West Jackson Blvd., Suite 350 | CITY, STATE AND ZIP CODE<br>Chicago, Illinois  60604-3042 |
|---|---|

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>☒ RACE   ☐ COLOR   ☐ SEX  ☐ RELIGION   NATIONAL ORIGIN<br>☐ AGE   ☐ RETALIATION   ☐ OTHER *(Specify)* | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE *(Month, day, year)*<br>February 2, 2007 |
|---|---|

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s))*:

I.  On June 13, 1988, Complainant began employment with Respondent as a Management Assistant. Complainant was Project Manager at the time of her termination.

II.  Respondent has subjected Complainant to discrimination based on race (Caucasian) by its agents and representatives, resulting in Complainant's constructive discharge on February 2, 2007.

III.  HACC employs a significant number of African-Americans and Complainant was one of several Caucasian staff members.  The decisions and actions taken towards Complainant emanated from African-Americans, including, without limitation, Lewis Jordan.

IV.  On July 17, 2006, Executive Director Lewis Jordan (African-American) and the HACC singled out certain managers, primarily non African-American, including Complainant, to conduct PowerPoint presentations aimed at justifying their continued employment at HACC.

V.  On September 18, 2006, Lewis Jordan and the HACC revised compensatory time policies to restrict the accumulation and use of earned and accrued compensatory time.  Though the new compensatory time policy was facially neutral, the backdated change in HACC policy and practice regarding accrued compensatory time disproportionately negatively affected Caucasian staff members, including Complainant.

VI.  Primarily non African-American members of HACC senior management were negatively affected by policies and practices implemented by Lewis Jordan and the HACC, resulting in a racially hostile environment.

VII.  On February 2, 2007, Complainant was constructively discharged as Project Manager as a result of racial discrimination and the racially hostile working environment created by the Respondent.

VIII.  Complainant was meeting the legitimate expectations of Respondent for over eighteen and one half years.

DEPT OF HUMAN RIGHTS
INTAKE UNIT

JUN 1 3 2007

Lucia Santorsola
Charge of Discrimination
Page 2

IX. Similarly situated non-Caucasian employees with Respondent were treated more favorably than Complainant.

X. As a result of the aforementioned discrimination, Respondent has caused Complainant to suffer extreme emotional distress.

XI. As a result of the aforementioned discrimination, Respondent has caused Complainant to suffer pecuniary loss.

| | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Notary Stamp<br><br>DELICIA DEAN<br>OFFICIAL SEAL<br>NOTARY PUBLIC STATE OF ILL.<br>MY COMMISSION EXPIRES<br>AUGUST 16, 2009 | SIGNATURE OF COMPLAINANT<br>*Lucia Santorsola*   6/14/A<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year)<br><br>June 13 2007 |

# Exhibit B

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED ·MAIL
5069 2742

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

December 14, 2007

Ms. Lucia Santorsola
c/o Barry A. Gomberg, Esquire
Attorney at Law
53 W. Jackson Blvd., Ste. 1350
Chicago, IL  60604

Re:  EEOC Charge Against Housing Authority of Cook County
     No. 21B200701991

Dear Ms. Santorsola:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                        Sincerely,

                   Grace Chung Becker
              Acting Assistant Attorney General
                   Civil Rights Division

          by    *Karen S. Ferguson*
                   Karen L. Ferguson
              Supervisory Civil Rights Analyst
              Employment Litigation Section

cc:  Chicago District Office, EEOC
     Housing Authority of Cook County