IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA SANTORSOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 1259 |
| | ) | |
| THE HOUSING AUTHORITY OF | ) | |
| THE COUNTY OF COOK and | ) | |
| LEWIS JORDAN, individually and | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants The Housing Authority of the County of Cook ("HACC") and Lewis Jordan ("Jordan"), individually and in his official capacity, (sometimes referred to herein as "Defendants") by their attorneys, for their Answer to Complaint, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Luca [sic] Santorsola ("Santorsola"), at all relevant time hereto resided in Itasca, Illinois, located in Cook County in the Northern District of Illinois.

ANSWER: Upon information and belief, Defendants admit that Plaintiff resided in Itasca and deny that Itasca is located in Cook County.

2. Ms. Santorsola commenced employment with the Housing Authority of Cook County ("HACC") in June 1988.

ANSWER: Admit.

3. Venue is proper in this Court because all parties are residents and/or conduct business in this judicial district.

ANSWER:   Admit.

4. This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1983.

ANSWER:   Defendants admit that Plaintiff has properly identified the statutes under which her claim is brought.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1343(4).

ANSWER:   Admit.

## COUNT I – TITLE VII – RACE DISCRIMINATION

1. Plaintiff, Lucia Santorsola, brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4)

ANSWER:  Defendants admit that Plaintiff has properly identified her bases for Count I.

2. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on Race (Caucasian) with the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

ANSWER:   Paragraph 2 seeks a legal conclusion to which no response is required. To the extent an answer is deemed necessary, Defendants admit that a copy of Plaintiff's charge is attached to the Complaint.

3. Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the U.S. Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

ANSWER: Paragraph 3 seeks a legal conclusion to which no response is required. To the extent an answer is deemed necessary, Defendants admit that a copy of Plaintiff's Right to Sue Letter is attached to the Complaint.

4. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et. seq.

ANSWER: Admit.

5. Defendant Housing Authority of the County of Cook, at all time pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer who waived sovereign immunity pursuant to 42 U.S.C. § 2000e-16(a).

ANSWER: Admit.

6. Plaintiff was employed by HACC from June 13, 1988 until she was constructively discharged from her position as Project Manager on February 2, 2007.

ANSWER: HACC admits that Plaintiff was employed during the dates identified and denies that she was constructively discharged.

7. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., Defendant, by its agents and employees, engaged in the race discrimination acts described in the attached Charge of Discrimination, attached hereto as Exhibit A, incorporated herein and made a part hereof by reference.

ANSWER: Denied.

8. As a result of HACC's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages, pursuant to 42 U.S.C. § 1981a.

ANSWER: Denied.

WHEREFORE, Defendant Housing Authority of the County of Cook prays for judgment in its favor and against Plaintiff Lucia Santorsola and for such other and further relief as this Court deems just.

## COUNT II – 42 U.S.C. § 1981
## RACE DISCRIMINATION

1.-8. Plaintiff restates and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of Count II as if fully incorporated herein.

ANSWER: Defendants restate their answers to paragraphs 1-8 of Count I as if fully restated herein as and for its answers to paragraphs 1-8 of this Count II.

9. As a result of Defendants' aforementioned discriminatory conduct, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

ANSWER: Denied.

WHEREFORE, Defendants Housing Authority of the County of Cook and Lewis Jordan pray for judgment in their favor and against Plaintiff Lucia Santorsola and for such other and further relief as this Court deems just.

### COUNT III – 42 U.S.C. § 1983
### RACE DISCRIMINATION AGAINST ALL DEFENDANTS

1.-8.　Plaintiff restates and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of Count IV [sic] as if fully incorporated herein.

ANSWER:　Defendants reallege the answers provided to paragraphs 1-8 of Count I as and for their answers to paragraphs 1-8 of this Count III.

10.　Lewis Jordan ("Jordan") was Executive Director for HACC at all relevant times.

ANSWER:　Defendants admits only that Mr. Jordan was the Executive Director from June 2007 until after Plaintiff resigned from her position.

11.　By virtue of the foregoing, Defendant Jordan, acting under color of state law has violated Plaintiff's right to equal protection of the law as guaranteed her by the Fourteenth Amendment to the Constitution of the United States, thereby violating 42 U.S.C. § 1983.

ANSWER:　Paragraph 11 seeks a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 11.

12.　Defendants' actions reflect a policy, custom, or pattern of official and/or individual conduct of engaging in and condoning race discrimination against non-African Americans.

5

ANSWER: Paragraph 12 seeks a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 12.

13. As a result of this violation, Plaintiff has suffered severe emotional distress, humiliation, degradation and loss of income.

ANSWER: Denied.

14. Defendants' actions were wanton and malicious warranting the imposition of punitive damages.

ANSWER: Denied.

WHEREFORE, Defendants Housing Authority of the County of Cook and Lewis Jordan pray for judgment is their favor and against Plaintiff and for such other and further relief as this Court deems just.

Respectfully submitted,
Housing Authority of the County of Cook and Lewis Jordan

By: **s/Rena M. Honorow**
One of Their Attorneys

Rena M. Honorow Atty. No 6225193
Attorney for Defendants
Marc D. Sherman & Associates, P.C.
3700 W. Devon, Suite E
Lincolnwood, Illinois 60712
(847) 674-8756
Fax: (847)-982-9386